IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY LEE PERKINS, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-594-B |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

### I. Type of Case

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

### II. Statement of the Case

Petitioner was convicted of four aggravated robbery charges and sentenced to 12 years' imprisonment. *See State v. Perkins*, Nos. F07-00645, F07-71769, F07-71970, F07-71990 (282nd Judicial District Court 2008). Petitioner did not appeal. Later, he unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Perkins v. Thaler*, No. 3:10-CV-0329-N

(N.D. Tex. Aug. 9, 2011) (dismissing federal habeas petition as barred by the limitations period); *Perkins v. Stephens*, No. 3:13-CV-04615-B-BH (N.D. Tex. May 2014) (transferring successive petition to the court of appeals); *In re Perkins*, No. 14-10001(5th Cir. Apr. 15, 2014) (denying leave to file successive petition and warning that future filings of repetitive or frivolous motions for authorization will invite the imposition of sanctions).

In the instant petition, Petitioner argues the trial court lacked jurisdiction and he received ineffective assistance of counsel.

### III. Discussion

Petitioner has previously filed § 2254 petitions challenging these convictions. The claims Petitioner brings in this current § 2254 could have been raised in his earlier petitions. The current petition is therefore successive. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (stating a petition is successive when it either presents a challenge to the petitioner's conviction or sentenced that could have been raised in an earlier petition, or when it is an "abuse of the writ.").

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this

Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## IV. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 9 day of March, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).